# EXHIBIT A

# EXHIBIT A



## State of Tennessee

## Department of State

Division of Business Services
Wm. R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243

<u>5/14/2015</u>
Date

70143490000110803807
Certified Number

File No:    <u>20927</u>

Company:

Name:    LADARRIUS MONTEZ ECHOLS

Agent/POE:

Address:    753 CR 405
HOUSTON, MS 38851

Country:

RE:    QUONTASHA LEACH

VS:    BIG M TRANSPORTATION INC ET AL

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Sincerely,

*Tre Hargett*

Tre Hargett
Secretary of State

enclosures
Initial:  MMH
CC:

# STATE OF TENNESSEE
# Circuit Court of Marion County

**AT JASPER**

QUONTASHA LEACH, as parent, natural guardian and next friend of SAQVARA PERKINS and STEVEN PERKINS, both minor, natural children of STEVEN D. PERKINS, deceased, plaintiff

v.

BIG M TRANSPORTATION, INC., LADARRIUS MONTEZ ECHOLS, and TORRY STEVENSON

Defendant

Civil Action

No. 20927

Summons

RECEIVED
STATE OF TENNESSEE
2015 MAY 13 AM 10: 28
TRE HARGETT
SECRETARY OF STATE

To the above named Defendant(s): Ladarrius Montez Echols, 753 CR 405, Houston, Mississippi 38851

You are hereby summoned and required to serve upon Joseph A. Fried

plaintiff's attorney, whose address is 3560 Lenox Road NE, Suite 1250, Atlanta, Georgia 30326

an answer to the complaint which is herewith served upon you within thirty(30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Lonna Henderson, Clerk of said court, at office the ___8___ in ___May___ A.D., 20_15_.

Lonna Henderson, Clerk

By ___Gloria Castle___
Deputy Clerk

---

No. 20927

STATE OF TENNESSEE

QUONTASHA LEACH, as parent, natural guardian and next friend of SAQVARA PERKINS and STEVEN PERKINS, both minor, natural children of STEVEN D. PERKINS, deceased

Vs.

BIG M TRANSPORTATION, INC., LADARRIUS MONTEZ ECHOLS, and TORRY STEVENSON

SUMMONS
IN CIVIL ACTION

Issued the 8 day of May 2015

at 3:45 o'clock, P.M.

Lonna Henderson, Clerk

___Gloria Castle___
Deputy Clerk

Plaintiff's Attorney

I, LONNA HENDERSON, CLERK OF THE CIRCUIT & SESSIONS COURT OF MARION COUNTY, TENNESSEE, CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THIS ORIGINAL DOCUMENT FILED IN THIS OFFICE.

THIS 8 DAY OF May 2015

___Gloria Castle___
( ) CLERK (✓) DEPUTY CLERK

Received this _____ day of _____, 20_____

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 20_____, I served this summons together with the complaint herein as follows:_____

Sheriff-Deputy Sheriff

QUONTASHA LEACH,
on behalf and as parent, natural guardian and
next friend of SAQVARA PERKINS and
STEVEN PERKINS, both minor children and
natural heirs at law of STEVEN D.
PERKINS, deceased,

        Plaintiffs,

v.

BIG M TRANSPORTATION, INC.,
LADARRIUS MONTEZ ECHOLS, and
TORRY STEVENSON,

        Defendants.

Civil Action File No. 20927

JURY DEMAND

## COMPLAINT FOR WRONGFUL DEATH

COME NOW QUONTASHA LEACH, on behalf and as parent, natural guardian and next

friend of SAQVARA PERKINS and STEVEN PERKINS, both minor children and natural heirs

at law of STEVEN D. PERKINS, deceased, and as Plaintiffs, by and through their counsel of

record, and file this Complaint for the wrongful death of STEVEN D. PERKINS, pursuant to

Tennessee Code Annotation § 20-5-106, against Defendants: BIG M TRANSPORTATION,

INC., (hereinafter referred to as BIG M), LADARRIUS MONTEZ ECHOLS (hereinafter

referred to as ECHOLS), and TORRY STEVENSON (hereinafter referred to as STEVENSON)

for compensatory and punitive damages, showing this Honorable Court as follows:

I, LONNA HENDERSON, CLERK OF
THE CIRCUIT & SESSIONS COURT
OF MARION COUNTY, TENNESSEE,
CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF THIS
ORIGINAL DOCUMENT FILED IN
THIS OFFICE.
THIS 8 DAY OF May 2015
( ) CLERK (X) DEPUTY CLERK

1

## PARTIES, JURISDICTION, AND VENUE

1.

Steven D. Perkins sustained serious personal injuries as a result of a motor vehicle collision that occurred at approximately 12:56 a.m. on May 23, 2014 on I-24 West at or near mile marker 150.75 in Marion County, Tennessee and died thereafter.

2.

At the time of his death, Steven D. Perkins was unmarried.

3.

At the time of his death, Steven D. Perkins had only two children SAQVARA PERKINS and STEVEN PERKINS.

4.

At the time of his death, Steven D. Perkins had two heirs at law, his natural children: SAQVARA PERKINS and STEVEN PERKINS.

5.

SAQVARA PERKINS and STEVEN PERKINS are the natural children of Quontasha Leach and Steven D. Perkins.

6.

At the time of his death, Steven D. Perkins was not married.

7.

Steven D. Perkins died intestate.

8.

At the time of his death, QUONTASHA LEACH was the custodial parent, natural and legal guardian, and next friend of SAQVARA PERKINS and STEVEN PERKINS.

Plaintiff QUONTASHA LEACH, brings this claim as parent, natural guardian and next friend of SAQVARA PERKINS and STEVEN PERKINS, minors, to recover damages proximately caused by that collision.

10.

At all times material to this Complaint, QUONTASHA LEACH (hereinafter referred to as "Ms. Leach") is and was a citizen of the State of Georgia.

11.

Defendant BIG M is a foreign corporation with its principal place of business in 6341-B Highway 15, Blue Mountain, Mississippi, 38610.

12.

Defendant BIG M operates in Tennessee for the purpose of pecuniary profit and is otherwise qualified to do business in the State of Tennessee.

13.

At all times material hereto, Defendant BIG M acted as either a motor contract carrier of property through the State of Tennessee or as a motor common carrier of property through the State of Tennessee pursuant to one or more permits to operate as a motor carrier issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or by both.

14.

At all times material hereto, Defendant BIG M was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

15.

At all times material hereto, Defendant ECHOLS was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

16.

At all times material hereto, Defendant STEVENSON was subject to the Federal Motor Carrier Safety Regulations and all subsequent amendments thereto, promulgated, approved, and adopted by the United States Department of Transportation contained in Title 49 of the Code of Federal Regulations.

17.

Defendant BIG M is registered with the U.S. Department of Transportation under D.O.T. Number 911405.

18.

At all times material hereto, Defendant ECHOLS was operating a commercial motor vehicle under BIG M's D.O.T. Number.

19.

At all times material hereto, Defendant STEVENSON was operating a commercial motor vehicle under BIG M's D.O.T. Number.

20.

Defendant BIG M has designated Robert Asbury, 550 Main Street Suite 950, Knoxville, Tennessee 37902 to be its agent for service of process in the State of Tennessee.

21.

Defendant BIG M may be served with service of process upon Robert Asbury, 550 Main Street Suite 950, Knoxville, Tennessee 37902.

22.

Defendant BIG M may also be served with process through the Secretary of State by way of its designated agent for service of process in Tennessee, Robert Asbury, 550 Main Street Suite 950, Knoxville, Tennessee 37902, as authorized under Tennessee's Long-Arm Statutes, Tennessee Code Annotated (T.C.A.) Title 20, Chapter 2, Part 2 and related statutes.

23.

Once Defendant BIG M is served with process, Defendant BIG M is subject to the jurisdiction and venue of this Court.

24.

Service upon Defendant BIG M has been properly and timely perfected.

25.

Defendant ECHOLS is a citizen of the State of Mississippi and may be served with service of process at his residence: Ladarrius Montez Echols, 753 CR 405, Houston, Mississippi 38851.

26.

Defendant ECHOLS may also be served with process through the Secretary of State at his residence address: 753 CR 405, Houston, Mississippi 38851, as authorized under Tennessee's Long-Arm Statutes, Tennessee Code Annotated (T.C.A.) Title 20, Chapter 2, Part 2 and related statutes.

27.

At the time of the collision made the subject of this Complaint, ECHOLS was operating a commercial motor vehicle subject to the Federal Motor Carrier Safety Regulations, as amended.

28.

Once Defendant ECHOLS is served with process, Defendant ECHOLS is subject to the jurisdiction and venue of this Court.

29.

Service upon Defendant ECHOLS has been properly and timely perfected.

30.

Defendant STEVENSON is a citizen of the State of Mississippi and may be served with service of process at his residence: Torry Stevenson, 412 Pullen Drive, Aberdeen, Mississippi 39730.

31.

Defendant STEVENSON may also be served with process through the Secretary of State at his residence address: 412 Pullen Drive, Aberdeen, Mississippi 39730, as authorized under Tennessee's Long-Arm Statutes, Tennessee Code Annotated (T.C.A.) Title 20, Chapter 2, Part 2 and related statutes.

32.

At the time of the collision made the subject of this Complaint, STEVENSON was operating a commercial motor vehicle subject to the Federal Motor Carrier Safety Regulations, as amended.

33.

At the time of the collision made the subject of this Complaint, STEVENSON was supervising the operation of a commercial motor vehicle subject to the Federal Motor Carrier Safety Regulations, as amended.

34.

Once Defendant STEVENSON is served with process, Defendant STEVENSON is subject to the jurisdiction and venue of this Court.

35.

Service upon Defendant STEVENSON has been properly and timely perfected.

36.

Venue is proper in this Court pursuant to Tennessee Code Ann. § 20-4-101, because the cause of action arose in Marion County, Tennessee.

37.

Jurisdiction is proper in this Court pursuant to Tennessee Code Ann. § 16-10-101.

FACTS

38.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

39.

At approximately 12:56 a.m. on May 23, 2014, Defendants were operating a commercial motor vehicle heading west on I-24 at or near mile marker 150.75 in Marion County, Tennessee.

40.

At all times material hereto, Defendant ECHOLS was operating a commercial motor vehicle owned by Defendant BIG M.

41.

At all times material hereto, the subject commercial motor vehicle occupied by Defendants ECHOLS and STEVENSON was owned by Defendant BIG M.

42.

At all times material hereto, Defendant ECHOLS was operating a commercial motor.

43.

At all times material hereto, Defendant ECHOLS was operating a commercial motor as a trainee driver.

44.

At all times material hereto, Defendant STEVENSON was Defendant ECHOLS' supervisor.

45.

At all times material hereto, Defendant STEVENSON was operating a commercial motor vehicle.

46.

At all times material hereto, Defendant STEVENSON was not in the passenger seat of the commercial motor vehicle.

47.

At all times material hereto, Defendant STEVENSON was in the sleeping berth of the commercial motor vehicle.

48.

At all times material hereto, Defendant STEVENSON was supposed to be supervising Defendant ECHOLS, as Defendant ECHOLS operated the commercial motor vehicle.

49.

Defendants were operating their commercial motor vehicle in an area that was dark.

50.

Defendants were operating their commercial motor vehicle in an area that was not equipped with street lights.

51.

Defendants were operating their commercial motor vehicle at speed that was well below the legal minimum speed limits for vehicles travelling on Interstate 24.

52.

Defendants were operating their commercial motor vehicle at speed that was well below the legal minimum speed limits for vehicles travelling on Interstate 24, because:

    a. Defendant ECHOLS was not qualified to operate the commercial motor vehicle;

    b. Defendant ECHOLS was not properly trained to operate the commercial motor vehicle;

    c. Defendant ECHOLS did not possess the necessary skills and knowledge required by federal law to operate the commercial motor vehicle;

    d. Defendant STEVENSON was not properly supervising Defendant Echols;

    e. Defendants operated their commercial motor vehicle despite mechanical problems that prevented them from maintaining a speed above the legal limit; and/or

    f. A combination of the above or other factors to be determined during discovery.

53.

At all times material to this Complaint, Defendants were not utilizing the hazard lights on the commercial motor vehicle.

54.

Motorists approaching the Defendants' commercial vehicle from the rear had a difficult time seeing it in the darkness.

55.

Motorists approaching the Defendants' commercial vehicle from the rear had a difficult time perceiving and reacting to the slow moving commercial vehicle in the darkness.

56.

Due to the difficulty with perceiving and reacting to Defendants' slow moving commercial vehicle operating in the darkness, Motorists approaching the Defendants' commercial vehicle from the rear had to swerve to the left hand lane to avoid striking the rear of the commercial motor vehicle.

57.

Steven D. Perkins was also operating a commercial motor vehicle heading west on I-24 approaching mile marker 150.75 in Marion County, Tennessee prior to 12:56 a.m. on May 23, 2014.

58.

Steven D. Perkins was travelling at a lawful speed behind another commercial motor vehicle that was also operating at a lawful speed.

59.

As the commercial motor vehicle ahead of Mr. Perkins approached the Defendants slow-moving commercial motor vehicle, it suddenly and without warning to Mr. Perkins swerved from the right lane to the left lane in order to avoid striking the rear of Defendants commercial motor vehicle.

60.

Prior to the commercial motor vehicle's sudden swerve to the left hand lane, Mr. Perkins could not see Defendants' slow moving commercial vehicle.

61.

When the commercial motor vehicle that Mr. Perkins was following suddenly swerved to the left hand lane, Mr. Perkins did not have sufficient time to do the same and struck the rear of the Defendants commercial motor vehicle's trailer.

62.

As a result of the impact, Mr. Perkins' cab was crushed, trapping him injured but alive inside.

63.

Mr. Perkins died alone trapped inside of the crushed cab of his commercial motor vehicle before emergency responders were able to free his body.

64.

No negligent act on the part of Mr. Perkins caused or contributed to the cause of the collision.

65.

No negligent failure to act on the part of Mr. Perkins caused or contributed to the cause of the collision.

66.

As a direct and proximate result of the collision, Mr. Perkins suffered injuries that were ultimately fatal.

67.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

68.

Defendant ECHOLS was negligent in the operation of the tractor-trailer at issue in the following ways:

(a)    Failing to exercise due care;

(b)    Driving while distracted;

(c)    Failing to pay proper attention;

(d)    Failing to drive defensively;

(e)    Driving with mechanical defects;

(f)    Driving too slow for conditions;

(g)    Violating state trucking safety regulations and Federal Motor Carrier Safety Regulations; and

(h)    Otherwise failing to operate his vehicle in a safe and prudent manner in view of the conditions that existed at the time of the incident.

69.

Defendant ECHOLS was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a commercial motor vehicle, including:

(a) Failing to exercise due care in violation of Tenn. Code § 55-8-136;

(c) Using a hand-held mobile telephone or personal digital assistant prohibited while driving Tenn. Code § 55-8-136;

(b) Other failures as set out in Tennessee's Rules of Road; and

(c) Other failures as set out in the Federal Motor Carrier Safety Regulations, as adopted by the Tennessee Department of Transportation.

70.

The collision at issue was the direct and proximate result of the negligence of Defendant ECHOLS.

71.

As a direct and proximate cause of the negligence and negligence *per se* of Defendant ECHOLS, Mr. Perkins sustained physical and emotional injuries, pain, suffering and death.

72.

As a direct and proximate cause of the negligence and negligence *per se* of Defendant ECHOLS, Mr. Perkins incurred medical expenses and a loss of earning capacity.

73.

Defendant ECHOLS is liable to for all damages allowed by law for the injuries, damages and losses sustained by Mr. Perkins.

## COUNT II – NEGLIGENCE AND GROSS NEGLIGENCE OF TORRY STEVENSON

74.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

75.

Defendant STEVENSON was negligent in the operation of the tractor-trailer at issue in the following ways:

(a)     Failing to exercise due care;

(b)     Driving while distracted;

(c)     Failing to pay proper attention;

(d)     Failing to drive defensively;

(e)     Failing to maintain a diligent and proper lookout;

(f)     Driving with mechanical defects;

(g)     Driving too slow for conditions;

(h)     Violating state trucking safety regulations and Federal Motor Carrier Safety Regulations; and

(i)     Otherwise failing to operate his vehicle in a safe and prudent manner in view of the conditions that existed at the time of the incident.

76.

Defendant STEVENSON was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a commercial motor vehicle, including:

(a)     Failing to exercise due care in violation of Tenn. Code § 55-8-136;

(b)     Using a hand-held mobile telephone or personal digital assistant prohibited while driving Tenn. Code § 55-8-136;

(c)     Other failures as set out in Tennessee's Rules of Road; and

(d)     Other failures as set out in the Federal Motor Carrier Safety Regulations, as adopted by the Tennessee Department of Transportation.

## 77.

The collision at issue was the direct and proximate result of the negligence of Defendant STEVENSON.

## 78.

As a direct and proximate cause of the negligence and negligence *per se* of Defendant STEVENSON, Mr. Perkins sustained physical and emotional injuries, pain, suffering and death.

## 79.

As a direct and proximate cause of the negligence and negligence *per se* of Defendant STEVENSON, Mr. Perkins incurred medical expenses and a loss of earning capacity.

## 80.

Defendant STEVENSON is liable to for all damages allowed by law for the injuries, damages and losses sustained by Mr. Perkins.

## COUNT III – NEGLIGENCE AND GROSS NEGLIGENCE OF BIG M TRANSPORTATION, INC.

## 81.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

## 82.

At all times material hereto, Defendants ECHOLS and STEVENSON were employees or agents of Defendant BIG M.

## 83.

At all times material hereto, Defendants ECHOLS and STEVENSON were acting within the course and scope of their employment or agency with Defendant BIG M.

84.

Defendant BIG M is liable for the negligent actions and omissions of Defendants ECHOLS and STEVENSON pursuant to the doctrine of *respondeat superior*.

85.

At all times material hereto, Defendants ECHOLS and STEVENSON was operating a commercial motor vehicle under a lease agreement with Defendant BIG M.

86.

At all times material hereto, Defendants ECHOLS and STEVENSON were acting within the course and scope of a lease agreement with Defendant BIG M.

87.

At all times material hereto, Defendants ECHOLS and STEVENSON were operating a commercial motor vehicle as the statutory employees of Defendant BIG M.

88.

Defendant BIG M was also <u>independently</u> negligent in the following ways:

    (a)    Negligently hiring or contracting with Defendants ECHOLS and STEVENSON to drive the tractor-trailer at issue;

    (b)    Negligently training Defendants ECHOLS and STEVENSON;

    (c)    Negligently entrusting Defendants ECHOLS and STEVENSON to operate a tractor-trailer defensively;

    (d)    Negligently retaining Defendants ECHOLS and STEVENSON to drive the tractor-trailer at issue;

    (e)    Negligently qualifying Defendants ECHOLS and STEVENSON as drivers;

    (f)    Failing to supervise Defendants ECHOLS and STEVENSON;

(g)   Failing to properly maintain the tractor-trailer at issue in this case;

(h)   Otherwise violating state laws and federal regulations governing trucking companies; and

(i)   Otherwise failing to act as a reasonably prudent company under the circumstances.

89.

As a direct and proximate result of the negligence of Defendant BIG M in the ensuing collision, Mr. Perkins sustained physical and emotional injuries, pain, suffering and death.

90.

As a direct and proximate cause of the negligence of Defendant BIG M, Mr. Perkins incurred medical expenses and a loss of earning capacity.

91.

Defendant BIG M is liable to for all damages allowed by law for the injuries, damages and losses sustained by Mr. Perkins.

## COUNT IV – DAMAGES

92.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

93.

Each of the Defendants acted in a manner which either alone or in combination with other Defendants' acts of negligence and gross negligence, directly and proximately caused the collision and Mr. Perkins to sustain physical and emotional injuries, pain, suffering and death.

94.

As a direct and proximate result of the negligence and gross negligence of the Defendants, Mr. Perkins sustained physical and emotional injuries, pain, suffering and death.

95.

As a direct and proximate result of the negligence and gross negligence of the Defendants, the decedent STEVEN D. PERKINS' children: SAQVARA PERKINS and STEVEN PERKINS were caused to lose the financial support and other support of their father. Plaintiff QUONTASHA LEACH on behalf and as parent, natural guardian and next friend of SAQVARA PERKINS and STEVEN PERKINS, both minor children and natural heirs at law of STEVEN D. PERKINS, deceased, is entitled to receive damages from Defendants for the deceased's pain and suffering, loss of enjoyment of life, lost earning capacity, medical expenses, funeral expenses, the pecuniary value of the life of STEVEN D. PERKINS, and all other damages allowed by Tennessee law.

## COUNT VI – PUNITIVE DAMAGES

96.

Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

97.

Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

98.

Accordingly, Defendants are liable to the Plaintiffs for punitive damages to punish, penalize and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

(a)   A trial by jury;

(b)   For Summons and Complaint to issue against each Defendant;

(c)   For judgment against each Defendant for the wrongful death damages set forth herein;

(d)   For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

(e)   Court costs, discretionary costs, and prejudgment interest; and

(f)   For all such further and general relief which this Court deems just and proper.

Dated on May 8, 2015.

FRIED ROGERS GOLDBERG LLC

JOSEPH A. FRIED
TENNESSEE STATE BAR NUMBER 030018

*ATTORNEY FOR PLAINTIFFS*

TWO ALLIANCE CENTER
3560 LENOX ROAD, N.E., SUITE 1250
ATLANTA, GEORGIA 30326
TELEPHONE:    404-591-1800
FACSIMILE:    404-591-1801
E-MAIL:    JOE@FRG-LAW.COM
           SEAN@FRG-LAW.COM